

# The Attorney General of Texas

February 23, 1984

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Harrison Stafford
President
Lavaca-Navidad River Authority
P. O. Box 429
Edna, Texas    77957

Opinion No. JM-130

Re:    Meaning of "commission"
for purposes of permit issued
to the Lavaca-Navidad River
Authority

Dear Mr. Stafford:

You have asked our opinion as to whether the 1977 reorganization
of the Texas Department of Water Resources has changed the duties and
responsibilities of the Texas Water Commission in such a manner that
the term "commission" as used in Lavaca-Navidad River Authority's
Permit No. 2776 should now refer to the executive director of the
Department of Water Resources, the Texas Water Commission, or both.
The language in question is contained in a condition to Permit No.
2776 which states:

> This permit is issued subject to all superior and
> senior water rights in the Lavaca River Basin and,
> <u>as may be determined by the Commission</u>, to the
> release of water for the maintenance of the
> Lavaca-Matagorda    Bay    and    Estuary    System.
> (Emphasis added).

In your request, you state that equating the term "commission" in
Permit No. 2776 with the Texas Water Commission creates both practical
and legal difficulties. You recognize that the Texas Water Commission
[hereinafter commission] presently has the judicial authority to
impose a release requirement upon the permit holder but question
whether the commission has the expertise and support staff to
independently investigate the problem, review available information,
and recommend a solution. Further, you question whether the
commission has the jurisdiction to undertake such a determination.

In 1977, the legislature consolidated the Texas Water Rights
Commission with the Texas Water Quality Board and the Texas Water
Development Board. The legislature separated the legislative,
executive, and judicial functions of the consolidated agency, Texas
Department of Water Resources. Water Code §§5.011-5.016. The Texas
Water Development Board and the commission are agencies of the state

and have legislative and judicial functions, respectively. Water Code §§5.091 and 5.221. The executive director manages the administrative affairs and exercises the executive function of the department. Water Code §5.171.

After reviewing the Water Code provisions both before and after the reorganization, we conclude that the term "commission" as used in Permit No. 2776 means the Texas Water Commission. First, the determination of whether the authority has to make releases of water impounded in the reservoir authorized by Permit No. 2776 for maintenance of the Lavaca-Matagorda Bay and Estuary System is a judicial determination, in that the legal rights, duties, or privileges of the authority and others are affected by such a determination. Before an agency can take such action, affected parties must be afforded an opportunity for a hearing in accordance with the Texas Administrative Procedure and Texas Register Act. V.T.C.S. art. 6252-13a, §13. Clearly, the executive director could not conduct such a hearing, since the executive director exercises the executive functions of the department. Water Code §5.171.

Secondly, the present Water Code vests in the commission ample authority to make such a determination. All of the provisions giving the commission the authority to impose a release requirement upon the permit holder give the commission the authority to determine when the requirement or condition should be exercised.

Before the reorganization, the general powers and duties of the Texas Water Rights Commission were found in sections 6.051-6.076 of the old Texas Water Code. Presently, the general powers and duties are found in sections 5.261-5.268 of the Texas Water Code. Other specific powers and duties are prescribed in other sections of the code. The authority of the commission to determine water releases under the permit condition is found in its general powers and duties and in sections 11.147, 12.014, 16.012(b)(5), 16.012(d), 16.013, and 16.058.

Section 11.147 requires the commission to assess the effects of the issuance of a permit to store, take, or divert water on the bays and estuaries of Texas. The authority to consider this question and to impose release requirements in a permit gives the commission the implicit authority to determine at this time the release required by such a permit condition.

The lack of expertise about which the authority is concerned would be applicable to the permit consideration as well as the present determination of the release requirement. The legislature, however, has provided that the department and the executive director's staff provide the commission assistance in considering effects on bays and estuaries. Section 12.014 provides that the commission shall use the

surveys, studies, and investigations conducted by the staff of the department in carrying out the commission's duties and functions. Section 16.012(d) requires the executive director to assist the commission in carrying out the purposes and policies stated in section 12.014. Further, section 16.013 requires the executive director to advise and assist the commission with regard to engineering, hydrologic, and geologic matters concerning the water resources of the state.

Section 16.012(b)(5) states that the executive director shall "investigate the effects of fresh water inflows upon the bays and estuaries of Texas" under his general authority to make studies and surveys. Section 16.058 specifically requires the executive director to carry out a comprehensive study of the effects of fresh water inflows upon the bays and estuaries. While the executive director has the authority to make studies concerning bays and estuaries, there is no authority for the executive director to determine the legal rights and duties under a permit. This is a function given to the commission.

In conclusion, the 1977 reorganization has not stripped the Texas Water Commission of the authority to determine what release of water, if any, is necessary for the maintenance of the Lavaca-Matagorda Bay and Estuary System. The reorganization, however, has given the executive director the authority and duty to make studies and to assist the commission in carrying out its duties and functions. The permit in question specifically states that it is issued subject to the commission's right of continual supervision. There is no provision in the present Water Code that would require the commission to wait for the executive director to initiate a proceeding to determine what release of water is necessary under Permit No. 2776. The commission has acted within its authority and jurisdiction in initiating the proceeding upon its own motion.

S U M M A R Y

The 1977 reorganization has not stripped the Texas Water Commission of the authority to determine what release of water, if any, is necessary for the maintenance of the Lavaca-Matagorda Bay and Estuary System.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Lambeth Townsend
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Matthews
Jim Moellinger
Nancy Sutton